CORRECTED

# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 19-0241V**
UNPUBLISHED

| | |
|---|---|
| TAUNTANISHA RAGLAND, | Chief Special Master Corcoran |
| Petitioner, | Filed: October 9, 2020 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Ruling on Entitlement; Table Injury; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |
| Respondent. | |

*Carol Gallagher, Somers Point, NJ,* for petitioner.

*Camille Michelle Collett*, U.S. Department of Justice, Washington, DC, for respondent.

## RULING ON ENTITLEMENT[1]

On February 12, 2019, Tauntanisha Ragland filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered an injury which meets the Table definition for shoulder injury related to vaccine administration ("SIRVA") after receiving an influenza vaccine on October 2, 2017. Petition at 1, 2, 3. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 10, 2020, I made a factual finding, determining there is preponderant evidence to establish that Petitioner's manifestation of onset after vaccine administration occurred within 48 hours. Fact Ruling at 1, 5, ECF No. 32.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Respondent has filed an amended Rule 4 report indicating that "[w]hile preserving his right to appeal the Special Master's August 10, 2020 finding that onset took place within 48 hours, [R]espondent accepts this ruling as the law of the case for purposes of further proceedings before the Chief Special Master . . . [and] will not continue to contest that petitioner suffered a left SIRVA as defined by the Vaccine Injury Table." Rule 4 Report, filed Oct. 6, 2020, at 6, ECF No. 39. Respondent adds that "based on the record as it now stands and subject to his right to appeal the Findings of Fact, [R]espondent does not dispute that [P]etitioner has satisfied all legal prerequisites for compensation under the Act." *Id.* at 7.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master